

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0176-10

### MARK DERICHSWEILER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

According to the majority, someone can call the police and give their name and a description of a vehicle they think is suspicious, and without any other information, the police can detain the driver of the vehicle. The officer in this case had no knowledge of the specific activity that had created the caller's suspicion, and the officer never claimed that he had reasonable suspicion to detain Appellant. Still, the majority says that "appellant's strangely persistent, if admittedly non-criminal, behavior, gave rise to a

reasonable suspicion that he was about to engage in criminal activity." The only thing about the call-in tip that the officer corroborated was the description of Appellant's car. The officer had no specific, articulable facts from which to develop reasonable suspicion.

I also do not see how "reasonable suspicion he was about to engage in criminal activity" allows an officer to stop someone. I thought you had to have already committed a crime or an officer had to observe you committing a crime. They might have gotten by with a community care-taking theory but I'm not buying into the anticipatory illegal behavior proposal. Nevertheless it's the law now.

I'm not saying that a 911 caller has to cite a specific penal code section when reporting suspicious activity, but a general description of non-threatening, non-criminal behavior, that is neither observed nor corroborated by an officer, is not sufficiently detailed and reliable information "to suggest that something of an apparently criminal nature is brewing." The majority says the behavior (a driver grinning at the people in the car next to him) that was observed by the 911 caller was "bizarre" and "reasonably suggests someone who was looking to criminally exploit some vulnerability–a weak or isolated individual to rob or an unattended auto to burgle." Or maybe, just maybe, Appellant could have been looking for someone to give him directions.

Because the court of appeals got it right, I respectfully dissent.

Meyers, J.


Filed: January 26, 2011
Publish